**UNITED STATED DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PILLAR CONSTRUCTION, INC.** | * |
| 5649-S General Washington Drive | |
| Alexandria, VA 22312 | * |
|       Plaintiff | * |
|       v. | *   Case No. |
| **GREAT AMERICAN INSURANCE CO.** | * |
| 301 East Fourth Street | |
| Cincinnati, OH  45202 | * |
| Serve:  CT Corporation | * |
|       1015 15th Street, NW, Suite 1000 | |
|       Washington, DC  20005 | * |
|       Registered Agent for Great American | |
|       Insurance Company | * |
|       Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Pillar Construction, Inc. ("Pillar"), by undersigned counsel, for its Complaint against Defendant, Great American Insurance Company ("Great American"), states as follows:

### The Parties and Jurisdiction

1. Pillar is a Virginia corporation with its principal place of business at 5649-S General Washington Drive, Alexandria, VA 22312.  Pillar is engaged in the business of drywall installation, framing, and  EIFS/Stucco construction contracting.  Pillar's D.C. Class A Contractor's license number is 70103646 and Pillar is properly registered to perform business in the District of Columbia.

2. Great American is an Ohio based insurance and surety company with its principal place of business located at 301 East Fourth Street, Cincinnati, Ohio 45202.  Great American is the

surety on a labor and material payment bond for the construction Project that is the subject of this action. Upon information and belief, Great American is licensed as an insurance carrier in the District of Columbia. This Court has jurisdiction over Great American.

6. This Court has diversity jurisdiction pursuant to the 28 U.S.C. § 1332 *et seq.*, as the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue in this Court is proper construction project out of which this action arises is located in Washington, D.C.

7. All conditions precedent for the commencement and maintenance of this action have been performed, have occurred, or have been excused, waived, or abandoned by Defendant. To the extent they have not, then this is a protective action to toll the running of any applicable statute of limitations.

## Factual Background

8. This action involves construction work that was performed on a project known as 1345 K Street SE Condominiums (hereinafter the "Project") located at 1345 K Street, SE, in Washington D.C. 20003. The Owner of the Project is 1345 K St, LLC (hereinafter the "Owner").

9. On or about August 23, 2016, the Owner awarded a contract (the "Prime Contract") to ADI Construction of Virginia, LLC ("ADI") to serve as the General Contractor for the construction work on the Project.

10. As required by the Prime Contract, ADI, as principal and contractor, provided a labor and material payment bond (Bond No. CA1400962) ("Payment Bond") that guaranteed payment for labor, materials and services provided by subcontractors and suppliers on the Project. A copy of the Payment Bond is attached hereto as **EXHIBIT A**.

11. On or about October 12, 2016, ADI entered into a subcontract with Pillar for the performance of the EIFS / Stucco work required on the Project by the Prime Contract (the

"Subcontract").  The original lump sum Subcontract amount totaled $128,000.  Contract Change Order No. 2, however, adjusted this original Subcontract amount by $219,344.74, for a revised lump sum Subcontract amount of $347,344.74.  A copy of the Subcontract is attached as **EXHIBIT B**.

12. As the Subcontract work progressed, additional change orders were issued to Pillar's Subcontract for the performance of change / extra work.  As a result, the current adjusted amount of Pillar's Subcontract totals $559,683.454, including directed change work in the amount of $12,095.23, for which a change order was not issued.

13. Pillar has performed all Subcontract work and all changes and additional work as directed by ADI and as required by the Subcontract for the Project.  Despite this fact, to date Pillar remains unpaid for Subcontract work performed and labor, materials and services provided to the Project in an amount totaling $109,683.45.

14. Pillar's Subcontract and the remaining unpaid Subcontract amount is itemized as follows:

| # | Subcontract Work | Amount |
|---|---|---|
| 1 | EIFS Submittals/Shops/Samples | $2,000.00 |
| 2 | EIFS Mobilization | $9,000.00 |
| 3 | EIFS Window Treatment L&M | $10,000.00 |
| 4 | EFIS Materials South Elevation | $12,000.00 |
| 5 | EIFS Installation South Elevation | $21,000.00 |
| 6 | EIFS Materials West Elevation | $7,000.00 |
| 7 | EIFS Installation West Elevation | $9,000.00 |
| 8 | EIFS Materials Court Yard | $15,000.00 |
| 9 | EFIS Installation North Courtyard | $8,000.00 |
| 10 | EIFS Installation West Courtyard | $7,000.00 |
| 11 | EIFS Installation South Courtyard | $10,000.00 |
| 12 | EIFS Penthouse Material & Installation | $6,000.00 |
| 13 | Succo East Materials | $5,000.00 |
| 14 | Stucco East Installation | $7,000.00 |
|  | **Original Subcontract Amount** | **$128,000.00** |
| 15 | CO #02 (PCO #076/03R1 + Alternate Items) | $219,344.74 |
|  | **Adjusted Subcontract Amount** | **$347,344.74** |

| # | Change Work | Amount |
|---|---|---|
| 16 | CO #01 (PCO #05) | $22,677.00 |
| 17 | CO #03 (PCO #51) | $5,960.15 |
| 18 | CO #04 (PCO #97, EIFS at Penthouse) | $23,636.64 |
| 19 | CO #05 (PCO #97, Behind Parapet Walls) | $30,986.57 |
| 20 | CO #06 (PCO #128) | $33,997.14 |
| 21 | CO #07 (PCO #187) | $33,238.64 |
| 22 | CO #08 (PCO #22) | ($10,100.00) |
| 23 | CO #09 (PCO #84) | $4,216.25 |
| 24 | CO #11 (PCO #76) | $1,473.90 |
| 25 | CO #12 (PCO #199) | $526.68 |
| 26 | CO #13 (PCO #182) | $1,829.25 |
| 27 | CO #15 (PCO #84) | $4,492.73 |
| 28 | CO #16 (PCO #200) | $1,415.75 |
| 29 | CO #23 (PCO #187) | $6,667.46 |
| 30 | CO #24 (PCO #76) | $7,900.00 |
| 31 | CO #25 | $22,990.32 |
| 32 | CO #26 (Ticket Work) | $4,210.00 |
| 33 | CO #27 (Ticket Work) | $4,125.00 |
| 34 | Pending PCO's (PCO #'s 07R,10R,17,19,20 & 21) | $12,095.23 |
|  | **Current Adjusted Subcontract** | **$559,683.45** |
|  | Less - Payments Received | ($450,000.00) |
|  | **Unpaid Balance** | **$109,683.45** |
| * | CO #'s 10,14,17,18,19,20,21 & 22 were never issued. | |

## **COUNT I**
(Payment Bond Action)

15. Pillar incorporates by reference paragraphs 1-14 as if fully set forth herein.

16. By letter dated February 5, 2019 (copy attached as **EXHIBIT C**), Pillar provided to ADI, the Owner and Great American Notice of its Payment Bond Claim.

17. By letter dated February 13, 2019 (copy attached as **EXHIBIT D**), Great American acknowledged Pillar's payment bond claim and requested certain documents in support of Pillar's claim.

18. Although not required by the Payment Bond, by letter dated February 27, 2019 Pillar provided Great American the documents they requested. A copy of Pillar's letter (without enclosures, which are in the possession of Defendant) is attached as **EXHIBIT E**).

19. Section 6.1 of the Payment Bond required Great American to respond to Pillar's payment bond claim within 60 days, "stating the amounts that are undisputed and the basis for challenging any amounts that are disputed." Despite this fact, to date Great American has failed to state what (if any) amounts claimed by Pillar are undisputed and the basis for challenging any amounts claimed, other than to refer to an alleged oral agreement between Pillar and ADI, which ADI failed to comply with. As such, pursuant to Section 6.3 of the Payment Bond, Great American is required to indemnify Pillar for reasonable attorney's fees incurred to pursue Pillar's payment bond claim.

20. Pillar last performed work and/or furnished labor, material and/or services to the Project on November 20, 2018 and this action has been filed within one year of said date, as required by the Payment Bond.

21. Pursuant to the Payment Bond, the Great American is jointly and severally liable to Pillar for unpaid Subcontract work performed and unpaid labor, materials and services provided to the Project by Pillar in the amount of $109,683.45.

**WHEREFORE**, Plaintiff, Pillar Construction, Inc., demands judgment against Defendant, Great American Insurance Company, damages totaling $109,683.45, together with interest, attorneys' fees and costs of these proceedings.

Respectfully submitted,

BY: _____
Roger C. Jones, D.C. Bar # 994634
Nicole Lefcourt Campbell, D.C. Bar # 498490
**Huddles Jones Sorteberg & Dachille, P.C.**
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(410) 720-0072
(410) 720-0329 (fax)
jones@constructionlaw.com
campbell@constructionlaw.com
*Attorneys for Plaintiff*
*Pillar Construction, Inc.*